Case 1:11-cv-01827-REB-KMT   Document 45   Filed 11/30/11   USDC Colorado   Page 1 of 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01827-REB-KMT

MARY BASILE,

    Plaintiff,

v.

MISSIONARY SISTERS OF THE SACRED HEART OF JESUS – STELLA MARIS PROVINCE, and
MISSIONARY SISTERS OF THE SACRED HEART OF JESUS d/b/a THE MOTHER CABRINI SHRINE, INC.,

    Defendants.

## ORDER GRANTING MOTION TO DISMISS

**Blackburn, J.**

The matter before me is defendant the Missionary Sisters of the Sacred Heart d/b/a The Mother Cabrini Shrine, Inc.'s **Renewed Partial Motion To Dismiss** [#25][1] filed August 25, 2011. I grant the motion insofar as it seeks to dismiss plaintiff's state law claim for wrongful termination in alleged violation of public policy and deny as moot that portion of the motion addressed to plaintiff's now-dismissed Colorado Anti-Discrimination Act claim.

### I. JURISDICTION

I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).

---

[1] "[#25]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

## II.  STANDARD OF REVIEW

When ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed. R. Civ. P. 8(a).  For many years, "courts followed the axiom that dismissal is only appropriate where 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  **Kansas Penn Gaming, LLC v. Collins**, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting **Conley v. Gibson**, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  Noting that this standard "has been questioned, criticized, and explained away long enough," the Supreme Court supplanted it in **Bell Atlantic Corp. v. Twombly**, 550 U.S. 544, 562, 127 S.Ct. 1955, 1969, 167 L.Ed.2d 929 (2007).

Pursuant to the dictates of **Twombly**, I now review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'"  **Ridge at Red Hawk, L.L.C. v. Schneider**, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Twombly**, 127 S.Ct. at 1974).  "This pleading requirement serves two purposes: to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim."  **Kansas Penn Gaming**, 656 F.3d at 1215  (citation and internal quotation marks omitted).

As previously, I must accept all well-pleaded factual allegations of the complaint as true.  **McDonald v. Kinder-Morgan, Inc.**, 287 F.3d 992, 997 (10th Cir. 2002).

Contrastingly, mere "labels and conclusions or a formulaic recitation of the elements of a cause of action" will not be sufficient to defeat a motion to dismiss. **Ashcroft v. Iqbal**, 556 U.S. 662, – , 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations and internal quotation marks omitted). **See also Robbins v. Oklahoma**, 519 F.3d 1242, 1247-48 (10th Cir. 2008) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (quoting **Twombly**, 127 S.Ct. at 1974) (internal citations and footnote omitted).

Moreover, to meet the plausibility standard, the complaint must suggest "more than a sheer possibility that a defendant has acted unlawfully." **Iqbal**, 129 S.Ct. at 1949. **See also Ridge at Red Hawk**, 493 F.3d at 1177 ("[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.") (emphases in original). For this reason, the complaint must allege facts sufficient to "raise a right to relief above the speculative level." **Kansas Penn Gaming**, 656 F.3d at 1214 (quoting **Twombly**, 127 S.Ct. at 1965). The standard will not be met where the allegations of the complaint are "so general that they encompass a wide swath of conduct, much of it innocent." **Robbins**, 519 F.3d at 1248. Instead "[t]he allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." ***Id.***

The nature and specificity of the allegations required to state a plausible claim

will vary based on context and will "require[] the reviewing court to draw on its judicial experience and common sense." ***Iqbal***, 129 S.Ct. at 1950; ***see also Kansas Penn Gaming***, 656 F.3d at 1215.  Nevertheless, the standard remains a liberal one, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ***Dias v. City and County of Denver***, 567 F.3d 1169, 1178 (10th Cir. 2009) (quoting ***Twombly***, 127 S.Ct. at 1965) (internal quotation marks omitted).

### III.  ANALYSIS

After many years of employment, plaintiff was terminated from her position as the gift shop manager of The Mother Cabrini Shrine.  She brings a claim of age discrimination under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and a claim for wrongful discharge in violation of public policy under Colorado common law.[2]  Defendant seeks to dismiss the state law claim, arguing that such a claim is unavailable because plaintiff already has a remedy for wrongful termination under the ADEA.

I concur.  The tort of wrongful discharge in violation of public policy, a judicially created exception to the at-will employment doctrine, "is grounded in the notion that an employer should be prohibited from discharging an employee with impunity for reasons that contravene widely accepted and substantial public policies." ***Crawford***

---

[2] Plaintiff's original complaint also contained a claim for violation of the Colorado Anti-Discrimination Act ("CADA"), §24-34-401 - §24-34-406, C.R.S.  Plaintiff subsequently amended her complaint to delete that claim in response to defendant's first motion to dismiss, acknowledging that defendant, as a religious organization, was exempt from the statute.  In renewing its motion to dismiss, defendant simply adopted and incorporated its prior motion, which sought dismissal of the CADA claim.  Because plaintiff currently has no such claim, that portion of the motion will be denied as moot.

4

***Rehabilitation Services, Inc. v. Weissman***, 938 P.2d 540, 552 (Colo. 1997).[3]

Although the court may look to a statute as a source of public policy, ***see Flores v. American Pharmaceutical Services, Inc.***, 994 P.2d 455, 458 (Colo. App. 1999), where a statute already provides a remedy for wrongful termination, the tort is unavailable, as the courts of this district unanimously have concluded, ***see Underwood v. GEO Group, Inc.***, 2011 WL 5593150 at *15 (D. Colo. Nov. 17, 2011); ***Hein v. AT&T Operations, Inc.***, 2010 WL 5313526 at *6 (D. Colo. Dec. 17, 2010); ***Boeser v. Sharp***, 2006 WL 898126 at *5 n.6 (D. Colo. March 31, 2006); ***Gorkin v. Vinnell Corp.***, 2006 WL 517645 at *5 (D. Colo. March 2, 2006); ***Endahl v. Vinnell Corp.***, 2006 WL 57496 at *10 (D. Colo. Jan. 10, 2006); ***Caspar v. Lucent Technologies, Inc.***, 280 F.Supp.2d 1246, 1249 (D. Colo. 2003). ***See also Martin Marietta Corp.***, 823 P.2d at 107 n.5; ***Gamble v. Levitz Furniture Co.***, 759 P.2d 761, 766 (Colo. App. 1988).

Plaintiff attempts to circumnavigate this clear and unequivocal precedent by pointing out that the Colorado Anti-Discrimination Act provides her no remedy against a religious organization such as defendant.  ***See*** §24-34-401(3), C.R.S.  She further argues that wrongful discharge should be available as an alternative claim in case defendant successfully substantiates its assertion that it has fewer than the minimum number of employees required to invoke the protections of the ADEA.  ***See*** 29 U.S.C.

---

[3] The doctrine arose in the context of a termination for refusing to falsify documents in violation of federal law, and was meant to recognize "the public's interest in prohibiting an employer from placing an employee in the position of keeping a job only by performing an illegal act, forsaking a public duty, or foregoing a job-related right or privilege." ***Crawford***, 938 P.2d at 552 (citing ***Martin Marietta Corp. v. Lorenz***, 823 P.2d 100, 107-09 (Colo. 1992)).  The claim is largely designed to protect whistleblowers, and "[a]lthough an employee terminated for exercising a job-related right may state a cognizable claim for wrongful discharge in violation of public policy under certain circumstances," in general, "the decisions of [the Colorado Supreme Court] recognizing cognizable claims under the public-policy exception involved employees terminated for refusing to engage in unlawful or unethical conduct." ***Id.***

5

§ 630 (defining "employer" subject to statute as one who has "twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year"). These arguments contain the seeds of their own undoing, however. Because the Colorado legislature has exempted religious organizations from the reach of the state anti-discrimination law, it perforce cannot be the public policy of the State of Colorado to prohibit discrimination in employment by such organizations. Similarly, because employers with fewer than twenty employees are not subject to the ADEA, the anti-discrimination policies embodied in that statutory scheme implicitly do not extend to those employers.

Accordingly, I find and conclude that plaintiff fails to state a cognizable claim for wrongful termination in violation of public policy. As it pertains to that claim, the motion should be granted.

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That defendant's **Renewed Partial Motion To Dismiss** [#25] filed August 25, 2011, is **GRANTED IN PART** and **DENIED AS MOOT IN PART**, as follows:

   a. That the motion is **GRANTED** with respect to plaintiff's Colorado state law claim for wrongful discharge in violation of public policy; and

   b. That the motion is **DENIED AS MOOT** with respect to plaintiff's now-abandoned Colorado Anti-Discrimination Act claim;

2. That plaintiff's Colorado state law claim for wrongful discharge in violation of public policy is **DISMISSED WITH PREJUDICE**; and

3. That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendants, Missionary Sisters of the Sacred Heart of Jesus – Stella Maris Province and Missionary Sisters of the Sacred Heart d/b/a The Mother Cabrini Shrine, Inc., against plaintiff, Mary Basile, as to plaintiff's First Claim for Relief alleging wrongful discharge in violation of public policy; provided, that the judgment as to this claim shall be with prejudice.

Dated November 30, 2011, at Denver, Colorado.

**BY THE COURT:**

*/s/ Bob Blackburn*
Robert E. Blackburn
United States District Judge